**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL NERY LOPEZ-VIRULA, | No. 10-73921 |
| Petitioner, | Agency No. A076-587-730 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Saul Nery Lopez-Virula, a native and citizen of Guatemala, petitions pro se

for review of a Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Lopez-Virula fears persecution by the Guatemalan government or military because he witnessed a kidnapping in 1984, and because his father, a former major in the Guatemalan military, was killed in 1991.

We reject Lopez-Virula's contention that the agency failed to consider all of the evidence in assessing his claims. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006) (the agency is presumed to have considered the entire record).

Substantial evidence supports the IJ's determination that the threats Lopez-Virula received in Guatemala did not amount to past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone, . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted). Substantial evidence also supports the agency's decision that Lopez-Virula failed to establish a well-founded fear of persecution in Guatemala.

*See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative); *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (well-founded fear may be undermined by petitioner's "safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear"); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (claim of persecution upon return is undermined when applicant has returned to native country without incident). Consequently, his asylum claim fails.

Because Lopez-Virula did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

Substantial evidence also supports the agency's denial of CAT relief because Lopez-Virula failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We lack jurisdiction to review Lopez-Virula's contention that the IJ was biased because he failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We reject any remaining contention that Lopez-Virula's proceedings were unfair. *See Vargas-Hernandez v. Gonzales*,

497 F.3d 919, 927 (9th Cir. 2007) (rejecting due process claim where petitioner "was given a full and fair opportunity to present his case").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**